United States District Court
Eastern District of New York

1:18-cv-01293  (   ) (   )

Romel Hightower, individually and on behalf of all others similarly situated,

                Plaintiff

- against -

American Halal Company, Inc.,

                Defendant

Complaint

The above-named plaintiff, ("plaintiff") individually and on behalf of all others similarly situated, by attorneys, alleges upon information and belief, except for those allegations pertaining to plaintiff, which are based on personal knowledge:

1. American Halal Company, Inc. ("defendant") manufactures and sells food products under the brand "Saffron Road."

2. As "Saffron Road" is an homage to the famous "Silk Road," which connected the East and West, the Saffron Road products incorporate ingredients and flavors which may be new to consumers in this country.

3. The relevant Saffron Road product here are the "Lentil Crackers" (the "Products"), sold to consumers through third-parties via brick-and-mortar stores and online.

4. Lentils are a part of the 12 leguminous crops known as pulses, which also includes dry beans, dry peas, and chickpeas (also known as garbanzo beans), which produce an edible seed that grows within a pod.

5. Consumption of pulse-based products has increased over the past decade owing in part to their having:

- twice as much protein as whole grains like wheat, making them a viable protein source in place or instead of animal products

1

- high in fiber (increased satiety)

- high in B-vitamins and minerals like iron, potassium, magnesium and zinc

- effect of lowering blood sugar levels (glycemic index/GI), relevant to those with diabetes

6. Pulse-based products are also valued because they are:

- naturally gluten-free, which appeals to the increasing percentage of people seeking to limit or exclude gluten and/or grains from their diet

- not made from or consist of genetically modified organisms (GMOs), a key selling point to those wanting to eat more natural foods

7. As consumers increasingly are aware of how the food they eat impacts the world around them, pulses are valued because their production:

- entails a smaller carbon footprint than an equivalent amount of animal protein would require – in other words, it's better for the environment

- leaves behind nitrogen in the soil, providing valuable nutrients to future crops, and disrupts disease and insect cycles

8. The Products are sold in at least three varieties and contain common representations, other than the distinguishing flavor – Sea Salt, Rosemary Herb and Cracked Pepper.

| Sea Salt | Rosemary Herb | Cracked Pepper |
|---|---|---|
|  |  |  |
| T-1(a) | T-1(b) | T-1(c) |

    9.     The Products' identical representations focus exclusively on lentils:

- "oven baked LENTIL CRACKERS"

- "Plant Based Protein – 5 Grams Per Serving"

- "unlocking the power of lentils, which are nutritional powerhouses dense in protein, high in fiber, and low in fat"

- other back label claims emphasizing the aforesaid qualities of lentils (i.e., "high in protein")

    10.    The back and side panels contain similar or identical information.

3

Back Panel                                    Supplemental Panel

 

T-2(a)                                                          T-2(b)

11.     However, contrary to the Products' representations and exclusive emphasis on lentils and by extension lentil flour, they also contain corn flour and pea flour, as the second and fifth listed ingredients for the Products.

Ingredient List (Rosemary Herb)

INGREDIENTS: LENTIL FLOUR, CORN FLOUR, POTATO STARCH, PALM FRUIT OIL (RSPO CERTIFIED) AND/OR OLIVE OIL, PEA FLOUR, SUGAR, WHEY & MILK PROTEIN, MILK CREAM, SEA SALT, ROSEMARY, LEAVENING.

CONTAINS: MILK.

T-3(a)

4

12. The Products' misleading representations include the Product name in large font capitals on the front, back and alternate side panel and the back panel, which only discusses lentils, including their history, varieties (red fako, etc.) and nutritional benefits.

13. This gives a reasonable consumer the erroneous impression that lentils (lentil flour) are present in an amount greater than is actually the case, in terms of percentage and absolute amount, because there is no mention that other flours are used.

14. This is misleading because the amount of lentil flour used has a material bearing on price and consumer acceptance of the product.

15. Plaintiff believed the Products were made with only lentils as the flour source in the same way consumers would observe products named "wheat crackers" and reasonably expect they were composed of only flour derived from wheat.

16. Excluding tax, the Products cost no less than $3.99, a premium price compared to other similar products.

## Jurisdiction and Venue

17. Jurisdiction is proper pursuant to 28 U.S.C. § 1332(d)(2).

18. Upon information and belief, the aggregate amount in controversy is more than $5,000,000.00, exclusive of interests and costs.

19. This Court has personal jurisdiction over defendant because it conducts and transacts business, contracts to supply and supplies goods within New York.

20. Venue is proper because plaintiff and many class members reside in this District and defendant does business in this District and in New York.

21. A substantial part of events and omissions giving rise to the claims occurred in this District.

Class Allegations

22.     The classes consist of all consumers in all states and all consumers in New York State who purchased any Products bearing any actionable representations herein during the statutes of limitation periods.

23.     A class action is superior to other methods for the fair and efficient adjudication of this controversy.

24.     The class is so numerous that joinder of all members, even if permitted, is impracticable, as there are likely hundreds of thousands of members.

25.     Common questions of law or fact predominate and include whether the representations were likely to deceive reasonable consumers and if plaintiff and class members are entitled to damages.

26.     Plaintiff's claims and the basis for relief are typical to other members because all were subjected to the same representations.

27.     Plaintiff is an adequate representative because her interests do not conflict with other members.

28.     No individual inquiry is necessary since the focus is only on defendant's practices and the class is definable and ascertainable.

29.     Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest.

30.     Plaintiff's counsel is competent and experienced in complex class action litigation and intends to adequately and fairly protect class members' interests.

31.     Plaintiff seeks class-wide injunctive relief because the practices continue, with the injunctive class maintained as a class action because it meets the same criteria as

the non-injunctive class.

## Parties

32. Plaintiff is a citizen of Queens County, New York.

33. Defendant is a Delaware corporation with a principal place of business in Connecticut.

34. In 2017, plaintiff purchased the Product for no less than $4.29, excluding tax, at a store within this District, a premium relative to similar products.

35. Plaintiff paid this premium because prior to purchase, plaintiff saw and relied on the front label identification and description, "Lentil Crackers," along with the other representations, which exclusively focused on lentils, which gave plaintiff the impression the Product was only derived from lentil flour.

## Violations of New York General Business Law §§ 349 & 350

36. Plaintiff repeats and realleges all allegations in foregoing paragraphs.

37. Defendant's acts, practices, advertising, labeling, packaging, representations and omissions are not unique to the parties and have a broader impact on the public.

38. The representations as "Lentil Crackers" are false and misleading for the reasons described herein.

39. No reasonable consumer would expect a product described and identified as Lentil Crackers to contain other non-lentil flour ingredients.

40. The representations and omissions were relied on by plaintiff and class members, who paid more than they would have without getting all they bargained for.

## Breach of Express Warranty and Implied Warranty of Merchantability

41. Plaintiff repeats and realleges all allegations in foregoing paragraphs.

42. Defendant manufactures and sells snack products purporting to consist exclusively of lentil flour and warranted same to plaintiff and class members.

43. The Products did not conform to their affirmations of fact and promises, wholly due to defendant's actions.

44. Plaintiff and class members relied on defendant's claims, paying more than they would have otherwise.

### Fraud

45. Plaintiff repeats and realleges all allegations in foregoing paragraphs.

46. Defendant described and identified the Products as Lentil Crackers and touted lentils exclusively, when it could have used non-misleading names or descriptions.

47. Defendant's purpose was to mislead consumers who increasingly seek products derived from non-traditional flours and where same is the sole flour source.

48. Defendant's intent was to distinguish its Products in the marketplace amongst the numerous other companies producing non-wheat flour products.

49. Plaintiff and class members observed and relied on the representations, which they understood to mean that lentil flour was the sole ingredient flour contained therein.

50. Plaintiff and class members paid more than they would have due to the false representations, entitling them to damages.

### Unjust Enrichment

51. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

52. Defendant obtained benefits and monies because the Products were not as represented, to the detriment and impoverishment of plaintiff and class members, who seek

restitution and disgorgement of such inequitably obtained profits.

<u>Jury Demand and Prayer for Relief</u>

Plaintiff demands a jury trial on all issues.

**WHEREFORE,** plaintiff, individually and on behalf of all others similarly situated, prays for judgment:

1. Declaring this a proper class action, certifying plaintiff as representative and the undersigned as counsel for the class;
2. Entering preliminary and permanent injunctive relief by directing defendant to correct its practices to comply with the law;
3. Awarding monetary damages and interest, including treble and punitive damages, pursuant to the common law and GBL claims;
4. Awarding costs and expenses, including reasonable fees for plaintiff's attorneys and experts; and
5. Such other and further relief as the Court deems just and proper.

Dated:  February 28, 2018

          Respectfully submitted,

          Levin-Epstein & Associates, P.C.
          <u>/s/Joshua Levin-Epstein</u>
          Joshua Levin-Epstein
          1 Penn Plaza, Suite 2527
          New York, NY 10119
          Tel: (212) 792-0046
          joshua@levinepstein.com

          Sheehan & Associates, P.C.
          <u>/s/Spencer Sheehan</u>
          Spencer Sheehan
          891 Northern Blvd., Suite 201
          Great Neck, NY 11021
          Tel: (516) 303-0552
          spencer@spencersheehan.com

1:18-cv-01293   (   ) (   )
United States District Court
Eastern District of New York

Romel Hightower, individually and on behalf of all others similarly situated

Plaintiff

- against -

American Halal Company, Inc.

Defendant

# Complaint

Levin-Epstein & Associates, P.C.
1 Penn Plaza
Suite 2527
New York, NY 10119
Tel: (212) 792-0046
Fax: (212) 563-7108

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information, and belief, formed after an inquiry reasonable under the circumstances, the contentions contained in the annexed documents are not frivolous.

Dated:  February 28, 2018

　/s/ Joshua Levin-Epstein　
Joshua Levin-Epstein